# IN THE COURT OF APPEALS OF IOWA

No. 18-0727
Filed August 15, 2018

IN THE INTEREST OF S.L. and K.C.,
Minor Children,

B.C., Mother,
     Appellant,

K.L., Father,
     Appellant.

---

Appeal from the Iowa District Court for Pottawattamie County, Gary K. Anderson, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Scott D. Strait, Council Bluffs, for appellant mother.

Amy E. Garreans of Garreans Law, LLC, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Roberta J. Megel of State Public Defender Office, Council Bluffs, guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A mother and father separately appeal the termination of their parental rights. Both parents appeal the termination of their parental rights to S.L., born in 2017. The mother additionally appeals the termination of her parental rights to another of her children, K.C., born in 2016.[1] Both parents contend: (1) the State failed to prove the statutory grounds for termination by clear and convincing evidence, (2) termination is not in the best interests of the children, and (3) the State failed to make reasonable efforts to facilitate reunification. Our review is de novo. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

As to the statutory grounds for termination, the juvenile court terminated both parents' parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2018). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to termination under paragraph (h), both parents appear to only challenge the State's establishment of the final element of that provision, that the children could not be returned to their care "at the present time." Iowa Code § 232.116(1)(h)(4). However, each parent's argument is limited to the assertion that their respective children could be returned to their care within a "reasonable period of time" after the termination hearing. Neither parent argues the State failed to prove by clear and convincing evidence that the children could not be returned to their care at the time of the termination hearing, which is the relevant point in time under paragraph (h). *See id.*; *D.W.*, 791 N.W.2d at 707

---

[1] The parental rights of K.C.'s father were also terminated. He does not appeal.

(interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). In their arguments at the termination hearing, both parents took the position that the children could be returned to their care at some point in the future and therefore requested additional time to work toward reunification; each parent effectually conceded the children could not be returned to their care at the time of the termination hearing. The record provides clear and convincing evidence in support of this concession and the juvenile court's ultimate conclusion that the children could not be returned to the parents' care at the time of the termination hearing. The parents have a long history of using illegal drugs, including methamphetamine, and continue to test positive for using. They have failed to complete any treatment program. At the time of the termination hearing they were living in a camper on a relative's property in Nebraska. We conclude the State met its burden to establish the grounds for termination under section 232.116(1)(h) by clear and convincing evidence.

As to the best interests of the children, the parents argue they are bonded with their respective children and severing the parent-child bonds would be detrimental to both children and therefore not in their best interests. In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). Upon our de novo review of the record, we find these children's best interests are served by termination of these parents' parental rights. To the extent the parents argue the statutory exception to termination contained in Iowa Code section 232.116(3)(c)

should be applied to preclude termination, we note it was the parents' burden to establish an exception to termination under section 232.116(3). *See A.S.*, 906 N.W.2d at 476. The record does indicate there is a bond between the parents and children, but that bond can only be described as limited at best. Generally lacking in the record is clear and convincing evidence that, at the time of the termination hearing, "termination would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). We conclude the parents failed to meet their burdens to establish the statutory exception to termination. *See A.S.*, 906 N.W.2d at 476.

The State contests error preservation on the parents' reasonable-efforts arguments, noting neither parent raised the issue of reasonable efforts prior to the termination hearing. Both parents argue on appeal that they preserved error by raising the issue of reasonable efforts at the close of the State's evidence at the termination hearing. We agree with the State that error was not preserved and do not consider the issue of reasonable efforts. *See, e.g., In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) ("[I]f a parent fails to request other services at the proper time, the parent waives the [reasonable-efforts] issue and may not later challenge it at the termination proceeding."); *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999) (finding the issue of reasonable efforts was not preserved when a parent did not demand, prior to the termination hearing, services other than those provided); *In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994) ("[P]arents have a responsibility to demand services prior to the termination hearing.").

We affirm the juvenile court order terminating both parents' parental rights to the children in interest.

**AFFIRMED ON BOTH APPEALS.**